CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE

Susan and Timothy Henry were married and had one daughter, Kailee, born May 18, 1993. They lived in St. Charles Parish until Susan and Timothy separated on January 23, 1995. Temporary custody was granted to Susan and she and Kailee moved to Arkansas. A judgment of divorce was signed on April 10, 1998. Susan was granted domiciliary custody and Timothy was granted visitation rights.
A Motion for Change of Custody was filed by Timothy on November 20, 1998 alleging that Susan was an unstable mother. Timothy was granted provisional custody pending a hearing on the motion. The hearing was held on January 6, 1999 and the parties entered into a consent judgment on March 4, 1999. . At that time, Susan and Kailee had returned and were living in Louisiana. The consent judgment provided that custody, visitation and support would remain the same with Susan as the primary domiciliary parent and Timothy would have visitation, there would be no overnight guests of the opposite sex who was not a spouse or relative of the parties, and relocation of Kailee was subject to the relevant statutory requirements.
*802 On October 8, 2003 Susan mailed Timothy a notice of proposed relocation of Kai-lee’s domicile to Fayetteville, Arkansas, Both Susan and Timothy have | ¡¡family members that live in Arkansas. In response to that letter, on October 20, 2003, Timothy filed an Objection to Relocation of Child’s Custody and Alternative Rule to Modify Custody. A temporary restraining order was issued preventing Susan from removing Kailee from the jurisdiction pending a hearing.
A supplemental consent judgment was entered into April 5, 2004. According to that judgment, Diana Carroll was appointed as the court’s independent mental health expert to evaluate the parties. A hearing on the matter of relocation was set for June 16, 2004. As part of the evaluation process, Timothy submitted to a drug screening test and tested positive for cocaine. On June 3, 2004, Diana Carroll submitted her report to the court. She recommended that the relocation was made in good faith and in the best interest of Kailee. .
On June 15, 2004, Timothy filed a Motion to Continue the Hearing and for Evaluation by Defendant’s Expert. The trial court granted the motion. Timothy then retained Dr. Steven York to perform the evaluations. During the time the evaluations were being performed, an incident occurred on June 23, 2004 while Kailee was in the custody of her father and stepmother, Kaylyn Henry. Timothy had been drinking and wás upset over a problem with his home computer. He had a gun, a .357 Magnum revolver, which he retrieved from his bedroom. Kailee, his other two step-children, and his wife were all present in the house at the time of the incident, although Timothy never pointed the gun towards, or threatened, anyone. The police were called and he voluntarily relinquished the gun and himself.
Kaye, Timothy’s wife, filed a Petition for Protection from Abuse alleging that Timothy loaded the gun and threatened suicide, abused alcohol and had been distraught since January. She also alleged that he had threatened to burn the house down and had threatened suicide in the past. She contended he loses control when household things are not done perfectly, Kaye attested that she was fearful for her 14life. Upon the motion of Kaye, that petition was dismissed by the trial court on July 16, 2004.
On July 2, 2004, Susan filed an Ex Parte Motion for Temporary Sole Custody, Motion for Temporary Restraining Order, and Motion for Sole Custody subject to supervised visitation by Timothy. The trial court granted temporary sole custody to Susan and temporarily suspended Timothy’s visitation. The trial court also issued a temporary restraining order keeping Timothy away from Kailee or Susan.
The trial of this matter was held July 16, 19, & 20, 2004. A Judgment was rendered by the trial court on July 23, 2004. By that Judgment, the trial court denied Susan’s petition to relocate, denied Susan’s motion for sole custody, and vacated the temporary restraining order against Timothy. The trial court temporarily amended Timothy’s visitation schedule providing that Kaye, his current wife, shall supervise all visits, there would be no overnight visits with Timothy alone, and this schedule would continue until he completes substance abuse and behavioral evaluations and complies with the recommendations for treatment. The trial court further provided that Dr. Kennison Roy shall conduct the substance abuse evaluation and implement any necessary treatment programs. If Dr. Roy is not available, then Dr. York may select another qualified professional. In addition, the trial court provided that Dr. York, or a qualified professional desig *803 nated by him, shall conduct the behavioral evaluations and implement any necessary treatment programs. The behavioral evaluations will include an assessment for the need for anger management counseling or therapy. Finally, the trial court stated that Timothy must comply with Dr. Roy and Dr. York’s treatment recommendations for both his rehabilitation and the emotional re-unification of Timothy and Kailee.
[sThe trial court provided instructions to Timothy that once he complied with the conditions, he could file an ex-parte motion with copies of reports from Dr. Roy and Dr. York certifying his completion of all necessary programs. Susan could, thereafter, file objections to the reinstatement of unsupervised visitation or custody.
The trial court held that the proposed relocation was not in the best interest of the child, but was in Susan’s best interest because she wanted to be near her family. The trial court stated it was not in the child’s best interest to relocate and effectively sever her long-standing relationship with her father.
Susan now appeals this judgment alleging six assignments of error: 1) the trial court erred in failing to apply the proper law and the factors set out in the relocation statutes; 2) the trial court erred in failing to afford greater weight to the testimony and the recommendations of Diana Carroll, LCSW, JD, the court-appointed independent expert, in favor of relocation; 3) the trial court erred in failing to admit the custody evaluations into evidence and in failing to allow extensive questioning of the “expert” regarding the twelve factors of the statute; 4) the trial court erred in giving any weight to the testimony of Mr. Henry’s hired gun expert, especially since the “expert” made significant mistakes in the evaluation process; 5) the trial court erred in according credibility to Mr. and Mrs. Henry’s testimony; and 6) the trial court’s conclusions are inconsistent with the facts, the record, and the law, and based only on speculation.
For the reasons which follow, we affirm the trial court’s judgment.

DISCUSSION

La. R.S. 9:355.12 provides the factors to be used by the court in determining a contested relocation. That statute provides:
|fiA. In reaching its decision regarding a proposed relocation, the court shall consider the following factors:
(1) The nature, quality, extent of involvement, and duration of the child’s relationship with the parent proposing to relocate and with the nonrelocating parent, siblings, and other significant persons in the child’s life.
(2) The age, developmental stage, needs of the child, and the likely impact the relocation will have on the child’s physical, educational, and emotional development, taking into consideration any special needs of the child.
(3) The feasibility of preserving a good relationship between the nonrelo-cating parent and the child through suitable visitation arrangements, considering the logistics and financial circumstances of the parties.
(4) The child’s preference, taking into consideration the age and maturity of the child.
(5) Whether there is an established pattern of conduct of the parent seeking the relocation, either to promote or thwart the relationship of the child and the nonrelocating party.
(6) Whether the relocation of the child will enhance the general quality of life for both the custodial parent seeking the relocation and the child, including but *804 not limited to financial or emotional benefit or educational opportunity.
(7) The reasons of each parent for seeking or opposing the relocation.
(8) The current employment and economic circumstances of each parent and whether or not the proposed relocation is necessary to improve the circumstances of the parent seeking relocation of the child.
, (9) The extent to which the objecting parent has fulfilled his or her financial obligations .to the parent seeking relocation, including, child support, spousal support, and community property obligations.
(10) The feasibility of a relocation by the objecting parent.
(11) Any history of substance abuse or violence by either parent, including a consideration of the severity of such conduct and the failure or success of any attempts at rehabilitation.
(12) Any other factors affecting the best interest of the child.
An appellate court may not set aside a trial court’s finding of fact absent manifest error or unless it is clearly wrong. Curole v. Curole, 02-153, (La.App. 5 Cir. 6/26/02) 848 So.2d 591, citing Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). A child custody matter must be viewed within the context of its own particular set of facts and a trial court’s determination in such matters is entitled to great weight and will not be overturned on appeal absent a clear showing of abuse of discretion. Curole, supra, citing, Connelly v. Connelly, 94-0527, (La.App. 1st Cir.1994), 644 So.2d 789, 793. The primary consideration and prevailing inquiry in child custody proceeding is whether a custody arrangement is in the best interest of the child. Curóle, supra, citing Deason v. Deason, 99-1811, (La.App. 3 Cir. 4/5/00), 759 So.2d 219, 222.
Further, the weight to be given expert testimony depends, ultimately, on the facts on which it is based, as well as the professional qualifications and experience of the expert. Curole, supra, citing, Meany v. Meany, 94-0251, (La.7/5/94), 639 So.2d 229, 236. For an expert opinion to be valid and merit much weight, the facts upon which it is baséd must be substantiated by the record; if the facts are not substantiated by the record, the trial court may reject the opinion. Curole, supra, citing Gould v. Gould, 28, 996, (La.App. 2 Cir. 1/24/97), 687 So.2d 685, 690.
The issue to be resolved by the Court of Appeal is not whether the trier of fact was wrong, but whether the factfinder’s conclusions were reasonable. Currole, supra, citing Theriot v. Lasseigne, 640 So.2d 1305, 1310 (La.1994). The .trial judge in a custody proceeding is in a better position to evaluate the best interest of a child from his observance of the parties and the witnesses, and his decision should not be disturbed on review absent a clear showing of abuse. Curole, supra, citing State in the Interest of Sylvester, 525 So.2d 604, 608 (La.App. 3 Cir.1988); Deason, supra; Brisbois v. Brisbois, 00-203, (La.App. 5 Cir. 8/29/00), 767 So.2d 887, 893. The evaluation of expert testimony is for the trier of fact, unless the stated reasons of the expert are patently unsound. Curole, supra, citing Lirette v. State Farm Ins. Co., 563 So.2d 850, 853 (La.1990).
In this case it appears the- trial court fully evaluated Susan’s request to relocate and her request for sole custody and found the relocation was not in the best interest of Kailee. The trial court also thoroughly reviewed- the evaluation reports provided by both Diana Carroll and Dr. York. The trial court noted that Kailee wanted to move to Fayetteville, Arkansas- to be near her mother’s family. *805 However, Susan had previously relocated Kailee to Fayetteville twice and had also relocated her to Seattle, Washington. Since returning to the New Orleans area they have moved five times within this area.
While living in the New Orleans area, Kailee has had significant contact with her father, spending about three weekends a month and most holidays in his custody. She has lived in the area for six years and developed close relationships with friends, her father, stepmother and step-siblings. Relocation to Arkansas would significantly impair Kailee’s relationships, especially her relationship with her father.
The trial court found that relocation of Kailee to Fayetteville, Arkansas would not be in her best interest. We find the trial court’s conclusions were reasonable and there is no clear showing of abuse. Therefore, we see no reason to disturb the trial court’s findings, which it based on its own observances and evaluations of the parties and evidence. Accordingly, we find no manifest error and affirm the trial court’s judgment denying Susan’s request to relocate.

AFFIRMED.